| |
|---|
| **Stephan v Turner Constr. Co.** |
| 2025 NY Slip Op 32335(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161173/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                      PART                    **14**

                                                    *Justice*

------------------------------------------------------------------------X

FRANCIS STEPHAN,

                              Plaintiff,

                  - v -

TURNER CONSTRUCTION COMPANY, 550
WASHINGTON OWNER (DE) LLC,OXFORD PROPERTY
GROUP LLC,GOOGLE LLC

                              Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161173/2020 |
| MOTION DATE | 06/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for                      EXTEND - TIME                      .

        Plaintiff's motion to *inter alia* strike defendants' answer is granted in part decided as

described below.

**Background**

        In this Labor Law case, plaintiff insists that he was severely injured when he was hit by a

falling object while at a job site in Manhattan. Plaintiff insists that defendants have failed to

respond to discovery demands, numerous discovery stipulations and have not produced witnesses

for depositions. He observes that despite many Court-ordered stipulations, defendant Google,

LLC ("Google") has not produced a witness for a deposition. Plaintiff also complains that the

witness defendants produced on behalf of defendants 550 Washington Owner (DE) LLC and

Oxford Property Group, LLC, a Mr. Jaffe, had little insight into the accident. He contends that

Mr. Jaffe identified other individuals who would have personal knowledge about plaintiff's work

at the site and that Mr. Jaffe insisted he was unaware of plaintiff's accident until about a month

**161173/2020   STEPHAN, FRANCIS vs. TURNER CONSTRUCTION COMPANY**                      **Page 1 of 5**
  **Motion No.  001**

1 of 5

or two prior to his deposition (which took place in October 2024). Plaintiff therefore demands the depositions of four witnesses identified by Mr. Jaffe at his deposition. He also seeks an extension of time to file the note of issue.

In opposition, defendants claim they have been compliant in responding to outstanding discovery demands. They claim they reached out to counsel for plaintiff regarding plaintiff's February 2025 discovery demand and about a possible deposition for Google. Defendants claimed that they were entitled to pick a witness for a deposition and that Mr. Jaffe answered all relevant questions. Defendants insist that the Court exercised its discretion in finding that discovery was completed and there is no reason to extend the note of issue deadline. They contend that plaintiff is free to do post-note of issue discovery if he wishes.

In reply, plaintiff emphasizes that defendants have repeatedly failed to comply with Court orders and points to three orders from November 2024, January 2025 and February 2025.

**Discussion**

As an initial matter, the Court declines to strike defendants' answer. The record here does not support a finding that there was any willful or contumacious conduct by defendants. The Court must also clarify the procedural events that led to the issuing of the note of issue date (originally scheduled for April 11, 2025).

In connection with the February 26, 2025 conference, the parties were directed to update the Court about the status of discovery by March 26, 2025 (NYSCEF Doc. No. 35). Given that the parties did not upload anything the Court assumed that discovery was completed, and the Court declined to *sua sponte* vacate its order based on a letter from plaintiff; taking action based solely on a letter does not give the opposing party a chance to adequately oppose a request and

**161173/2020   STEPHAN, FRANCIS vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

does not provide a proper record for an appeal. In any event, plaintiff is absolutely entitled to bring the instant motion.

"Disclosure in civil actions is generally governed by CPLR 3101(a), which directs: '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.' We have emphasized that the words, 'material and necessary', are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary'—i.e., relevant—regardless of whether discovery is sought from another party (*Forman v Henkin*, 30 NY3d 656, 661, 70 NYS3d 157 [2018] [citations omitted]).

*February 2025 Demands*

There is no dispute that defendants have not responded to this demand (NYSCEF Doc. No. 67), nor have they moved for a protective order; this means that defendants have waived any objections to these 5 demands, except for those based on privilege or that the responses are palpably improper. Defendants must therefore respond, substantively, on or before July 14, 2025.

*Google Deposition*

Defendants do not deny that there has not yet been a deposition for Google. That fact is confounding to the Court given that prior Court-ordered discovery stipulations set deadlines for the disposition (*e.g.*, NYSCEF Doc. No. 32 [setting a January 29, 2025 deadline]). Therefore, this deposition must go forward on or before July 21, 2025.

**161173/2020   STEPHAN, FRANCIS vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  001**

**Page 3 of 5**

The Court observes that as part of plaintiff's attempt to have the Court vacate the note of issue deadline, plaintiff mentioned that a proposed confidentiality order was circulated by defendants with respect to Google. The Court declines to sign that confidentiality order and it should not be used to delay discovery any further. This is a construction accident case and so there is no obvious reason why a confidentiality order, particularly the onerous 20-page order at issue here, would be appropriate. Of course, redactions may be utilized for personal information contained in documents uploaded to NYSCEF.

*Depositions of Lisa Rahm, Lucas Denardo, Luigi Morfea and Burt Rahm*

The Court grants plaintiff's request to take the depositions of these individuals. The transcript of Mr. Jaffe (defendants' witness) demonstrates that these witnesses may have greater personal knowledge and insight about the plaintiff's accident. Critically, Mr. Jaffe testified that he knew nothing about the work Mr. Stephan performed at the site other than what was in the incident report and that he first heard about the accident in preparation for his deposition, years after plaintiff's accident (NYSCEF Doc. No. 44 at 16, 77). To be sure, defendants are correct that they were entitled to pick their own initial witness. And while Mr. Jaffe was capable of answering some high level inquiries, he seemed to have little first-hand information. And he identified these above-cited individuals as people who had more knowledge about and interaction with plaintiff and therefore might possess more information. That satisfies the liberal standard for ordering this discovery.

Moreover, plaintiff contends that it demanded these depositions back in February 2025 and defendants never objected or moved for a protective order.

These depositions must all be completed by August 7, 2025.

**161173/2020   STEPHAN, FRANCIS vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  001**

**Page 4 of 5**

4 of 5

[* 4]

**Summary**

As this Court observed in its March 2025 order, this case has dragged on for far too long. The fact is that all party depositions should have been completed long ago as should have the remaining discovery outlined by plaintiff in its moving papers. At this point, the Court denies the branch of plaintiff's motion for sanctions or for an order of preclusion as against defendants. But that motion may be brought again should defendants not endeavor to comply with this order. The above witnesses shall be produced for depositions as discussed above and defendants shall respond, timely and substantively, to the February 2025 demand by plaintiff. The failure to do so, absent good cause, shown may result in the imposition of proper penalties.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted only the extent that defendants must respond to the February 2025 demand on or before July 14, 2025, the deposition of Google shall take place on or before July 21, 2025 and the depositions of the four witnesses cited above shall take place on or before August 7, 2025.

The Court also extends the deadline for the note of issue to October 30, 2025.

| | |
|---|---|
| **7/1/2025** | |
| **DATE** | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161173/2020   STEPHAN, FRANCIS vs. TURNER CONSTRUCTION COMPANY**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]